UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 23-cv-420 |
| ) | |
| JONESBORO, INDIANA, ) | |
| ) | |
| Defendant. ) | |

**Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. The City of Jonesboro, Indiana, maintains an official Facebook page for the City as well as a separate Facebook page for the Jonesboro Police Department. Posts are made to these pages concerning matters of interest to residents of Jonesboro. Persons are able to review posts on the pages, make comments to the posts, and view comments that other persons make. The pages provide forums for persons interested in Jonesboro and its police department to express themselves and to be apprised of matters of interest and to make comments that their fellow residents and others can view. Jason Andrews is a resident of Jonesboro who has made comments to the pages in the past. In July of this year, Mr. Andrews posted a comment on both pages that was critical of the Chief of the Jonesboro Police and indicated that Mr. Andrews was planning to run for Mayor because of his concerns about the police chief. As a result of this comment he has been blocked

[1]

from both pages by the City of Jonesboro and as a result not only is he unable to make comments to either page but he is not able to see any content on the pages when logged in to his Facebook account. He has also been informed that his comment has been removed from the two pages. This censorship of plaintiff violates the First Amendment.

**Jurisdiction, venue, and cause of action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Federal Rules of Civil Procedure 57 and by 28 U.S.C. §§ 2201, 2202.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6. Jason Andrews is an adult resident of Jonesboro, Indiana.

7. Jonesboro, Indiana is a city located in Grant County.

**Facts**

8. Facebook is an online social media platform that allows individuals to interact and share information with other Facebook users.

9. Each user creates a personalized profile.

10. Once a profile is created the person may connect with other Facebook users by requesting to become a friend or choosing to follow another user. When the person posts information to Facebook, that information appears on the followers Facebook pages.

11. Facebook allows a user to block other users from responding to posts on the user's Facebook page.

12. Facebook also allows a user to completely block a person so that not only are they unable to make comments to posts, but they are not able see any content on the page from which they are blocked.

13. Facebook allows government officials and government entities to have a Facebook page or pages in their roles as elected officials and government entities.

14. A government Facebook page allows the governmental entity to post information, opinions, or other materials and may allow users to respond and comment to these posts.

15. Facebook users may elect to follow the page, which will cause them to receive posts from the page when the posts are made.

16. The City of Jonesboro maintains a Facebook page for the City and a separate Facebook page for its police department.

17. The two pages are open to all Facebook users who have not been blocked from the pages, allowing persons to make comments to posts and to review comments made by other persons.

18. Mr. Andrews has made comments to both the City's Facebook page as well as that of the Jonesboro Police Department.

19. His comments have never been obscene, threatening, profane, or in any way inappropriate.

20. Mr. Andrews has elected to follow both pages so that in the past he has received notices through his Facebook account when posts were made on either the City's Facebook page or the Facebook page of the Jonesboro Police Department.

21. Mr. Andrews is concerned that the chief of the Jonesboro Police Department is too inexperienced and is not qualified to be the police chief.

22. In May of 2023, Mr. Andrews spoke by telephone with the Mayor of Jonesboro to discuss his concerns about the Police Chief.

23. When the Mayor was not responsive to Mr. Andrews's concerns, Mr. Andrews decided to run for mayor.

24. On July 1, 2023, Mr. Andrews posted the identical comment on the Facebook pages of both the City of Jonesboro and the Jonesboro Police Department in response to posts on those sites, announcing that he was running for Mayor and that he would bring a professional police force to the City.

25. The comment was not profane, obscene, threatening, or inappropriate in any way.

26. After he made this comment, he was immediately completely blocked from both the City of Jonesboro's Facebook page and that of the Jonesboro Police Department.

27. As a result, he is no longer able to view either page from his Facebook account and he therefore can no longer make comments to posts on the pages.

28. As a result of being blocked, he believes that all of his past comments, including his July 1, 2023 comments, have automatically been removed from the Facebook pages.

29. Three to four days after being blocked from the City and Police Department's Facebook pages, Mr. Andrews telephoned the Mayor of Jonesboro to complain that he had been blocked from the Facebook pages.

30. The Mayor informed Mr. Andrews that as mayor, he could block anyone that he wished to block.

31. The Facebook pages of the City of Jonesboro and the Jonesboro Police Department are subject to the strictures of the First Amendment.

32. Mr. Andrews has been blocked from the Facebook pages solely because of his viewpoint and blocking him is not justified by any governmental interest.

33. Mr. Andrews is being caused irreparable harm for which there is no adequate remedy at law.

34. At all times defendant has acted under color of state law.

**Legal claim**

35. The viewpoint-based actions of the City of Jonesboro in blocking Mr. Andrews from the two Facebook pages violate the First Amendment.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

a.  Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b.  Declare that the actions of the City of Jonesboro are unconstitutional for the reason noted above.

c.  Enter a preliminary injunction, later to be made permanent, enjoining the City of Jonesboro:

- to unblock Mr. Andrews from the Facebook pages of the City and the Jonesboro Police Department.

- from blocking him from these Facebook pages or in any other way interfering with his access or his ability to make and view comments on the pages in the future because of his viewpoints.

- to restore all removed comments made by Mr. Andrews to the Facebook pages in the past.

d.  Award plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

e.  Award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff

[6]